UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WELLS FARGO FINANCIAL NEVADA 2, INC., <br><br> Plaintiff, <br><br> v. <br><br> SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company; LAUREL CANYON HOMEOWNERS ASSOCIATION, a Nevada non-profit corporation; ALESSI & KOENIG, LLC, a Nevada limited liability corporation, <br><br> Defendants. | Case No. 2:15-cv-00576-RFB-DJA <br><br> ORDER |
| SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company, <br><br> Counterclaimant, <br><br> v. <br><br> WELLS FARGO FINANCIAL NEVADA 2, INC.; HUTCH KHAMBEKIAN, an individual; LINDA KHAMBEKIAN, an individual, <br>               Counter/Cross Defendants. | |

## I. INTRODUCTION

Before the Court is SFR Investments Pool 1, LLC's motion for default judgment against Linda Khambekian. ECF No. 88.

## II. PROCEDURAL BACKGROUND

Wells Fargo Financial Nevada 2, Inc. sued defendants on March 27, 2015. ECF No. 1. Wells Fargo filed a notice of lis pendens three days later. ECF No. 7. An amended complaint was

filed on April 10, 2015. ECF No. 12. SFR Investments answered the amended complaint and asserted crossclaims against Linda Khambekian, among others, on May 19, 2015. ECF No. 19. SFR also filed a notice of lis pendens. ECF No. 20. On July 22, 2015, SFR Investments filed an affidavit of due diligence, in which the process server avers that attempts to serve Linda Khambekian were made at two addresses. ECF No. 32. Because the attempts were not successful, the process server details the inquiries made into Linda Khambekian's prior addresses, current address, and phone numbers. Id. Ultimately, letters were mailed to two addresses that the U.S. Postal Master confirmed as "Good as Addressed" in regards to Linda Khambekian. Id. The letters advised Khambekian on the nature and the importance of the documents that the process server was attempting to deliver. Id. Linda Khambekian failed to respond in any manner. Id.

SFR Investments then moved to serve Linda Khambekian by publication. ECF No. 33. The motion was granted, and SFR filed a certificate of service on September 17, 2015. ECF Nos. 36, 37.

This matter was then stayed on August 22, 2016, pending the Ninth Circuit's mandate in Bourne Valley Court Trust v. Wells Fargo Bank, NA, 832 F.3d 1154 (9th Cir. 2016). ECF No. 75. After the stay was lifted on April 8, 2019, SFR Investments filed an affidavit of service by publication on Linda Khambekian. ECF Nos. 82, 84. The affidavit lists five dates on which the service on Linda Khambekian was published, the last date being October 14, 2015. ECF No. 84-1. Linda Khambekian failed to appear. Thus, the Clerk of the Court entered default against Linda Khambekian on May 13, 2019. ECF No. 86. SFR Investments now moves for default judgment. ECF No. 88. No opposition has been filed.

A settlement has been reached in this matter between the appearing parties. ECF No. 87, 102. Multiple defendants were dismissed by stipulation or voluntarily by the claimants. ECF Nos. 89, 102. On August 1, 2019, the Court ordered Wells Fargo and SFR Investments to file a notice by August 8, 2019 to inform the Court on whether the parties intended to litigate the claims asserted against the parties that did join to the motion to dismiss this action with prejudice. ECF No. 102. Wells Fargo noticed the Court that it would not pursue claims against any other party in this matter. ECF No. 104. SFR Investments did not respond.

### III. ALLEGED FACTS

In the cross-complaint, SFR Investments asserts two claims: a claim for declaratory relief to quiet title to the property at 5232 Scarlet Iris Court, North Las Vegas, Nevada 89081 and a claim for preliminary and permanent injunctive relief. ECF No. 19. It alleges the following:

Laurel Canyon Homeowners Association, through its agent Alessi & Koenig, foreclosed on the property after required homeowners' association dues became more than nine-months delinquent. The foreclosure was conducted according to Chapter 116 of the Nevada Revised Statutes. SFR Investments purchased the property on January 16, 2013 by placing the highest bid at a public foreclosure auction.

Linda Khambekian, along with Hutch Khambekian, had previously purchased the property by obtaining a loan in December 2005. The loan was secured by a deed of trust. Wells Fargo was assigned the beneficial interests under the deed of trust on June 21, 2013.

### IV. LEGAL STANDARD

The granting of a default judgment is a two-step process directed by Federal Rule of Civil Procedure ("Rule") 55. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of clerk's default based on a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The second step is default judgment under Rule 55(b), a decision which lies within the discretion of the Court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471–72.

/ / /

If an entry of default is made, the Court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007). Additionally, the Court does not accept factual allegations relating to the amount of damages as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Default establishes a party's liability, but not the amount of damages claimed in the pleading. Id.

## V. DISCUSSION

In considering the seven Eitel factors, the Court finds default judgment against Linda Khambekian is warranted. SFR Investments seeks a declaration that Linda Khambekian (and any successors and assigns) has no right, title, or interest in the property as a result of the foreclosure sale.

The first and sixth factors favor granting default judgment because Linda Khambekian has failed to defend—or appear at all in this matter—since being served with the summons, the amended complaint, and the cross-complaint by publication as recently as October 14, 2015. Her failure to appear for nearly four years prejudices SFR Investments by preventing it from determining its rights to the property. Further, her failure to appear for a substantial period of time—*nearly four years*—demonstrates the lack of excusable neglect. And while the seventh factor generally counsels against the granting of default judgment, Linda Khambekian's failure to appear prevents the Court from determining the matter on its merits.

The second and third factors also favor a grant of default judgment. The cross-complaint contains sufficient allegations to demonstrate a meritorious claim for the declaratory relief that SFR Investments seeks. The recorded documents and declarations attached to the motion for default judgment further support the claim.

Finally, there is no money at stake to counsel against the grant of default judgment; SFR Investments seeks only declaratory relief. Thus, the Court finds the Eitel factors favor the grant of default judgment against Linda Khambekian as to crossclaim one and declares that the

///

foreclosure sale extinguished any right, title, or interest that Khambekian previously possessed in the property. The Court grants the motion for default judgment accordingly.

## VI. CONCLUSION

**IT IS ORDERED AND DECLARED** that SFR Investments Pool 1, LLC's [15] motion for default judgment is GRANTED. The Court finds in favor of SFR Investments on cross-claim one and declares that SFR Investments Pool 1, LLC acquired the property at 5232 Scarlet Iris Court, North Las Vegas, Nevada 89081 free and clear of any right, title, or interest previously held by Linda Khambekian. The Court declares that Khambekian has no remaining interest, right, or title in the property.

**IT IS FURTHER ORDERED** that any remaining claims in this matter are DISMISSED in accordance with Wells Fargo Financial Nevada 2, Inc.'s notice that it would not continue to litigate against any remaining parties and, under FRCP Rule 41, SFR Investment Pool 1, LLC's failure to notice the Court as required by the Court's August 1, 2019 Minute Order.

**IT IS FURTHER ORDERED** that the lis pendens noticed in this matter [7] and [20] be EXPUNGED.

**IT IS FURTHER ORDERED** that the Clerk of the Court is instructed to close this matter accordingly.

DATED: August 12, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**